WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance M Benedict,<br><br>    Plaintiff,<br><br>v.<br><br>Indeed Corporation, et al.,<br><br>    Defendants. | No. CV-23-02291-PHX-DJH<br><br>**ORDER** |

Defendant Indeed, Inc. ("Defendant") has filed a Motion to Dismiss *pro se* Plaintiff Lance Benedict's ("Plaintiff") Complaint. (Doc. 9). Plaintiff has filed a Response and Defendant has filed a Reply. (Docs. 11–12). Plaintiff has also filed a one-paragraph Motion for Leave to Amend his Complaint. (Doc. 26). The Court must dismiss Plaintiff's Complaint for the following reasons.

**I.   Background**

Defendant "operates a job hosting website and search engine" which users can use to search for or post employment opportunities. (Doc. 9 at 2). In his Complaint, Plaintiff alleges that Defendant manipulated Indeed accounts owned by him and a potential employer. (Doc. 1-4 at 4). Plaintiff alleges that he applied for a job at the Friends of the Palm Springs Animal Shelter ("FPSAS") located in Palm Springs, California, after Defendant sent an email to Plaintiff pretending to be FPSAS. (*Id*. at 5). After several emails were exchanged, Plaintiff alleges that Defendant emailed Plaintiff that FPSAS was no longer interested in hiring him. (*Id*. at 6). Plaintiff alleges that he then contacted FPSAS

directly and that FPSAS stated that they had "NO idea what the Plaintiff [was] talking about." (*Id*. at 7). FPSAS allegedly told Plaintiff that they were still interested in hiring him but that they received an email from him stating that he was no longer interested in the position. (*Id*.) Plaintiff alleges that these emails were sent by Defendant to deceive Plaintiff and FPSAS. (*Id*.) Based on this conduct, Plaintiff sued Defendant in Arizona state court for (1) intentional fraud; (2) breach of duty; (3) intentional infliction of emotional distress; (4) causation; (5) unfair business practices; and (6) deceptive trade practices. (*Id*. at 1). Plaintiff seeks $10,000,000.00 in damages. (*Id*. at 15).

Defendant removed this case to federal court by invoking the Court's diversity jurisdiction under 28 U.S.C. §1332(a). (Doc. 1 at 2). Shortly after filing its Notice of Removal, Defendant moved to dismiss Plaintiff's Complaint. (Doc. 9).

**II.   Discussion**

Defendant argues that the Court should dismiss Plaintiff's Complaint as the Court lacks personal jurisdiction over Defendant under Federal Rule of Civil Procedure 12(b)(2) and that Plaintiff fails to state a viable claim for relief under Rule 12(b)(6). (Doc. 9 at 4, 8). The Court will first address Defendant's jurisdictional argument. *Pub. Lands for the People, Inc. v. U.S. Dep't of Agric*., 733 F. Supp. 2d 1172, 1181 (E.D. Cal. 2010) ("Federal courts must address jurisdictional issues before addressing the merits.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

**A.   Legal Standard for Personal Jurisdiction**

To render judgment against a defendant, a court must have personal jurisdiction over them. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Federal courts have personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Arizona courts may exercise personal jurisdiction "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2. Due process requires "certain minimum contacts" such that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Since *International Shoe*, courts separate personal jurisdiction into "general" and "specific" jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A defendant is subject to a court's general jurisdiction where its activities in the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* Specific jurisdiction, on the other hand, exists when the lawsuit "aris[es] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("*Hall*").

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citations omitted). If neither general nor specific jurisdiction is present, then the Court must dismiss Plaintiff's complaint. *See Total Seal, Inc. v. Performance Motorsports, Inc.*, 2009 WL 2762046, at *1 (D. Ariz. Aug. 28, 2009).

**B.     The Court Lacks Personal Jurisdiction Over Defendant**

Defendant argues that the Court lacks personal jurisdiction over it because Plaintiff does not allege and cannot possibly allege facts that support general or specific personal jurisdiction. (Doc. 9 at 4). Plaintiff does not address Defendant's personal jurisdiction argument in his Response. (*See* Doc. 11). The Court agrees that it does not have personal jurisdiction over Defendant.

**1.     General Jurisdiction**

Defendant argues that the Court does not have general jurisdiction over it because it is not at home in Arizona as it is neither incorporated nor headquartered here. (Doc. 9 at 4). Defendant avers that it is incorporated in Delaware and is headquartered in Austin, Texas. (*Id.*) Defendant admits that it has an office in Arizona, as Plaintiff alleges,

1  but argues that this fact is not enough to establish personal jurisdiction over it. (*Id*. at 5).

2        General jurisdiction exists where the nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).   A federal court may exercise personal jurisdiction over a defendant consistent with due process only if the defendant has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum)).

      Indeed, Plaintiff has not pled facts that allow the Court to assert jurisdiction over Defendant—as is his burden. *See id.* at 800.  Plaintiff alleges that Defendant maintains an office in Scottsdale, Arizona, and that it is registered to do business in Maricopa County. (Doc. 1-4 at 2–3).  These facts, by themselves, do not establish jurisdiction. *See Wal-Mart Stores, Inc. v. Lemaire*, 395 P.3d 1116, 1117–18 (Ariz. Ct. App. 2017) ("*Lemaire*") (holding that "the magnitude of a corporation's business activities in Arizona is not sufficient to create general jurisdiction when that corporation is neither incorporated nor has its principal place of business in Arizona" and that "foreign corporations do not impliedly consent to general jurisdiction in Arizona merely by registering as foreign corporations and appointing agents for service of process.").  Plaintiff does not allege that Defendant acted within the state of Arizona, much less that its actions within this state were "substantial" or "continuous and systematic." *Daimler*, 571 U.S. at 126-27.  In fact, Plaintiff alleges that the misconduct in this case took place while he lived in California—not Arizona. (Doc. 1-4 at 20 (Plaintiff's resume lists that he lives in Palm Desert, California); *see also* Doc. 9-1 at ¶ 4 ("The address that Plaintiff Lance M. Benedict submitted to Indeed as his, and kept on file with Indeed under his user account, was located

in Palm Desert, California.")). Thus, the Court concludes that it does not have general jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific jurisdiction arises when a defendant's contacts with the forum give rise or relate to the claim in question. *Hall*, 466 U.S. at 414–16. "A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted). The contacts "must be the defendant's own choice" and "must show that the defendant deliberately reached out beyond its home." *Id.* (citations omitted).

Courts in the Ninth Circuit apply a three-part test to determine whether personal jurisdiction has been established. These include: "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). A plaintiff must satisfy both of the first two prongs in order to establish personal jurisdiction. *Id*. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985). If one of the first two prongs is not met, the Court does not have personal jurisdiction over the defendant and the inquiry ends. *SKAPA Holdings LLC v. Seitz*, 2021 WL 672091, at *3 (D. Ariz. Jan. 21, 2021), *aff'd*, 2022 WL

94716 (9th Cir. Jan. 10, 2022).

Neither of the first two prongs discussed above are present here. *Morrill*, 873 F.3d at 1142. Although Plaintiff states that he is now a resident of Arizona, Plaintiff does not allege any facts establishing that Defendant has contacts with the state of Arizona, much less a "substantial connection." *See Glencore*, 284 F.3d at 1123. Nor did Defendant direct its activities towards Arizona or an Arizona resident specifically. *Morrill*, 873 F.3d at 1142. Instead, as Defendant notes, its website is available to residents across the United States—not just in Arizona. (Doc. 9 at 2 (citing Doc. 9-1 at ¶ 3)). Thus, the Court finds that it does not have specific jurisdiction over Defendant either.

Because the Court's lack of personal jurisdiction over Defendant is dispositive, it will not address Defendant's arguments regarding the sufficiency of Plaintiff's claims.

### C. Plaintiff's Proposed Amendments Cannot Cure the Jurisdictional Deficiencies

Plaintiff has also filed a one-paragraph Motion for Leave to Amend his Complaint. (Doc. 26). He argues that "Defendant continues to defy Court orders and will not communicate with the plaintiff. Therefore, the plaintiff respectfully requests that the Court grant this Motion for Leave to Amend Complaint." (*Id.*) Plaintiff separately lodged his Amended Complaint as a new filing (Doc. 27) and did not indicate in what respect it differs from his original Complaint by "bracketing or striking through the text to be deleted and underlining the text to be added" as required by the Court's local rules. LRCiv 15.1(a).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave

to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The Court will not grant Plaintiff leave to amend. First, Plaintiff has not complied with this Court's Local Rules. *See* LRCiv. 15.1(a). This rule "carries the force of law." *Eldridge v. Schroeder*, 2016 WL 354868, at \*2 (D. Ariz. Jan. 28, 2016) (quoting Hollingsworth v. Perry, 558 U.S. 183, 191 (2010) (internal quotations omitted)). Courts in this district "routinely den[y] motions for leave to amend for failure to comply with LRCiv 15.1(a)," *id.* (collecting cases), and it is well within their discretion to do so. *See, e.g., Young v. Nooth*, 539 Fed. App'x. 710, 711 (9th Cir. 2013) ("The district court did not abuse its discretion in denying [the plaintiff] leave to amend his complaint because [he] failed to attach a proposed amended complaint as required by local rule.").

Second, Plaintiff's proposed amendments, as far as the Court can ascertain, are also futile. *See Carrico*, 656 F.3d at 1008. Plaintiff attempts to assert facts that would establish personal jurisdiction over Defendant, but he essentially reiterates the same facts that did not establish jurisdiction above—such as Defendant's maintenance of a corporate office in Arizona (Doc. 27 at 3–4). *See Lemaire*, 395 P.3d at 1117- 18. Plaintiff also points out that several of his claims fall under Arizona state statutes. (*See id*. at 9–10). These proposed amendments would not cure the jurisdictional defects as Plaintiff does not allege any new facts that demonstrate, even when accepted as true, that Defendant has certain minimum contacts with Arizona or directed its activities towards Arizona or its residents. *Int'l Shoe*, 326 U.S. at 316.

Because Plaintiff has not complied with Local Rule 15.1 and the proposed factual amendments would not cure the jurisdictional deficiencies in his Complaint, the Court will not grant Plaintiff leave to amend.

///

## IV. Conclusion

Because the Court does not have general or specific jurisdiction over Defendant, the Court finds that Plaintiff has failed to meet his burden to prove that the Court has personal jurisdiction over Defendant. Therefore, it must dismiss Plaintiff's Complaint under Rule 12(b)(2). *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("jurisdiction in [this] forum would deprive the defendant of due process of law."). The Court will also dismiss this case with prejudice as it is clear there are no facts Plaintiff could allege that would afford this Court personal jurisdiction over Defendant. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating that, unless it is "'absolutely clear' that [a plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give them the opportunity to do so).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED** and that Plaintiff's Motion for Leave to Amend his Complaint (Doc. 26) is **DENIED**. The Clerk of the Court is kindly directed to enter judgment dismissing this case with prejudice and close this case.

Dated this 18th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge